IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTORIA A. TATOM,                          6:13-CV-01393-BR

       Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

       Defendant.


**MICHAEL HALLIDAY**
Halliday Law, PC
494 State Street, Suite 250
Salem, OR 97301

       Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**KATHY REIF**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Victoria A. Tatom seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

      Plaintiff protectively filed her applications for DIB and SSI on July 10, 2009, alleging disability as of February 11,

2 - OPINION AND ORDER

2009. Tr. 156.[1] The applications were denied initially and on reconsideration. Tr. 79-83. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Tr. 84-87. A hearing was held on August 9, 2011. Tr. 34-58. Plaintiff was represented by attorney Michael Halliday at the hearing. Plaintiff and a vocational expert (VE) testified. Tr. 34-58. In a decision dated August 26, 2011, the ALJ found Plaintiff is not disabled. Tr. 12-27. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 18, 2013, when the Appeals Council denied Plaintiff's subsequent request for review. Tr. 1-4.

## BACKGROUND

Plaintiff was 48 years old at the time the ALJ issued his decision. Tr. 165. Plaintiff speaks English, and she completed the 12th grade with special-education services. Tr. 162. Plaintiff has past relevant work experience as a certified nursing assistant and a technical social-activities worker for a retirement home. Tr. 157. She alleges disability due to

---

[1] Citations to the official transcript of record filed by the Commissioner on January 8, 2014, are referred to as "Tr."

3 - OPINION AND ORDER

degenerative disc disease, a bulging disc, and a torn disc.
Tr. 156.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012). To meet this burden a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months." 42 U.S.C.
§ 423(d)(1)(A). The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec.*

4 - OPINION AND ORDER

*Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial

evidence is "relevant evidence that a reasonable mind might

accept as adequate to support a conclusion." *Molina*, 674 F.3d.

at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574

F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla

of evidence but less than a preponderance.  *Id.* (citing

*Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving

ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision.  *Ryan v.*

*Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even

when the evidence is susceptible to more than one rational

interpretation, the court must uphold the Commissioner's

findings if they are supported by inferences reasonably drawn

from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir.

2012).  The court may not substitute its judgment for that of

the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th

Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The

6 – OPINION AND ORDER

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this

burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines set forth in the regulations at 20
C.F.R. part 404, subpart P, appendix 2.  If the Commissioner
meets this burden, the claimant is not disabled. 20 C.F.R.
§§ 404.1520(g)(1), 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff met the insured status
requirements through her date last insured of June 30, 2014.
Tr. 17.

At Step Two the ALJ found Plaintiff has the following
severe impairments:  mild degenerative disc disease of the
cervical and lumbar spine, obesity, asthma, depression, and a
chronic pain disorder.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's impairments do
not meet or medically equal the criteria for Listed Impairments
under §§ 416.920(d), 416.925, and 416.926 of 20 C.F.R. part 404,
subpart P, appendix 1.  Tr. 19.  The ALJ found Plaintiff has the
RFC to perform sedentary work as defined in 20 C.F.R.
§§ 404.1567(a) and 416.967(a) with the following limitations:
she must be able to change her position from sitting to standing
at will; she must avoid dust, fumes, and environmental

8 – OPINION AND ORDER

irritants; and she is limited to merely frequent contact with the public and coworkers.  Tr. 20.

At Step Four the ALJ concluded Plaintiff is unable to perform any of her past relevant work.  Tr. 25.

At Step Five the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including telephone-survey worker and appointment clerk.  Tr. 26.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 26-27.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly evaluated the medical evidence, and (2) rejected her subjective symptom testimony.

## I.  Medical Evidence

Plaintiff contends the ALJ erred in his evaluation of the medical evidence.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  The Ninth Circuit distinguishes between the opinions of treating, examining, and nonexamining physicians.  The opinion of a

9 - OPINION AND ORDER

treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a nonexamining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). In contrast, the ALJ must provide "specific, legitimate reasons" for discrediting an examining physician's opinion if that opinion is contradicted by another physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). It is legal error to ignore an examining physician's medical opinion without providing sufficient reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

1.    **Treating Physician John Daniels, M.D.**

Plaintiff contends the ALJ improperly rejected the medical opinion of Dr. Daniels, Plaintiff's primary-care physician.

Dr. Daniels consulted with Plaintiff in June 2009 following a motor-vehicle accident that caused Plaintiff cervical and lumbar strain. Tr. 430. Dr. Daniels concluded Plaintiff would be unable to work until she received cortisone-injection therapy. Tr. 430. In July 2009 Dr. Daniels found Plaintiff required additional treatment before she could return to work. Tr. 641. He disagreed with the medical-examination summary of Timothy Borman, D.O., in which Dr. Borman stated Plaintiff's motor-vehicle accident had not aggravated her conditions. Tr. 638, 641.

Dr. Borman performed an independent medical examination of Plaintiff on May 13, 2009, and diagnosed Plaintiff with degenerative disc disease of the cervical and lumbar spine and cervical, thoracic, and lumbar paravertebral strains related to a motor-vehicle accident. Tr. 638. He did not find any evidence that Plaintiff's motor-vehicle accident aggravated her preexisting conditions and concluded the objective findings did not support Plaintiff's subjective complaints. By contrast,

Dr. Daniels opined Plaintiff was "totally disabled" and unable
to work due to neck and lumbar strain between February 2009
and July 2011.   Tr. 597-628.   The ALJ accepted portions of
Dr. Daniels's opinion, but the ALJ rejected Dr. Daniels's
opinion to the extent that it was inconsistent with his own
treatment notes and to the extent that it was contradicted by
Dr. Borman's opinion.   Tr. 24.

     As noted, the ALJ found Dr. Daniels's opinion was
inconsistent with his own treatment notes.   When a physician's
opinion is inconsistent with his treatment notes, the ALJ may
properly discount that opinion.   *Bayliss*, 427 F.3d at 1216.   *See
also Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004)(the
ALJ need not accept a medical opinion if that opinion is
inconsistent with other substantial evidence in the record).   On
April 12, 2011, Dr. Daniels opined Plaintiff could find suitable
employment through a vocational-rehabilitation program.   Tr. 25.
In contrast with Dr. Daniels's conclusion that Plaintiff could
not perform any work due to her motor-vehicle accident,
Dr. Daniels's April 2011 statement suggests Plaintiff was not
completely disabled by her medical condition.

12 – OPINION AND ORDER

The Court finds the ALJ resolved this conflict by crediting Dr. Daniels's finding that Plaintiff could perform sedentary work.  The ALJ's conclusion was reasonable because it comports with the other medical evidence in the record, including Dr. Borman's opinion.  Accordingly, the Court concludes the ALJ did not err when he rejected parts of Dr. Daniels's opinion because the ALJ provided legally sufficient reasons for doing so.

### 2.  Examining Physician Raymond Brumbaugh, M.D.

Plaintiff contends the ALJ improperly rejected the opinion of Dr. Brumbaugh, Plaintiff's examining physician.  In November 2010 Dr. Brumbaugh performed a physical-capacities examination of Plaintiff.  Tr. 539-41.  He found Plaintiff cannot walk or stand for prolonged periods of time due to knee and hip pain and that she has chronic myofascial pain that prevents her from repetitive heavy lifting.  Tr. 617.  Dr. Brumbaugh also found Plaintiff "is tender to palpation in 16 of 18 fibromyalgia tender points" indicating fibromyalgia.  Tr. 41, 617.  He noted few objective findings supported Plaintiff's subjective pain complaints and, therefore, concluded Plaintiff demonstrated the ability to perform work within the sedentary range.  Tr. 469, 617.

13 - OPINION AND ORDER

The ALJ credited Dr. Brumbaugh's opinion that Plaintiff can perform sedentary work. Tr. 25. Plaintiff contends the ALJ, nevertheless, failed to give appropriate weight to Dr. Brumbaugh's "whole opinion" because a portion of Dr. Brumbaugh's notes state that sedentary work is a "likely inaccurate reflection of what she is currently able to do." Tr. 617. On the same day that Dr. Brumbaugh wrote this note, however, he also reported in his notes that Plaintiff was limited to sedentary duties and released her to perform light-duty work. Tr. 615. Dr. Brumbaugh's earlier note thus appears to contain a typographical error: "inaccurate" instead of "an accurate."

As noted, the Court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. *See also Widmark*, 454 F.3d at 1070. Based on Dr. Brumbaugh's overall assessment, the Court finds it was reasonable for the ALJ to assume that Dr. Brumbaugh believed Plaintiff could perform sedentary work.

The Court concludes on this record that the ALJ reasonably interpreted and did not improperly reject Dr. Brumbaugh's opinion.

14 - OPINION AND ORDER

### 3. Diana Hodapp, OTR/L

Plaintiff contends the ALJ erred in his evaluation of the opinion of occupational therapist (OT) Hodapp. OT Hodapp conducted a physical work-performance evaluation[2] of Plaintiff in January 2010. Tr. 469-74. She opined Plaintiff could perform work within the sedentary range, but she concluded Plaintiff is "incapable of sustaining the Sedentary level of work for an 8-hour day/40-hour week" due to fatigue. Tr. 24, 469.

The ALJ gave "significant weight" to OT Hodapp's opinion that Plaintiff is limited to sedentary work, but the ALJ rejected OT Hodapp's opinion that Plaintiff could not sustain a regular work schedule. Tr. 24. Because OT Hodapp was an "other" medical source, the ALJ was required to provide germane reasons for rejecting her opinion. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). *See also* SSR 6-03p, *available at* 2006 WL 2329939, *5; 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ noted that portion of OT Hodapp's opinion was inconsistent with other medical evidence credited by the ALJ that indicated Plaintiff was capable of sustaining a 40-hour workweek at the sedentary level. *See, e.g.*, Tr. 538-40. Inconsistency with

---

[2] In her briefing, Plaintiff refers to OT Hodapp's findings as the "Ergo Science evaluation."

other medical evidence in the record is a germane reason for rejecting a witness's testimony. *Lewis*, 236 F.3d at 511-12. Moreover, the fact that the ALJ did not "clearly link" his determination to the medical evidence that contradicts OT Hodapp's opinion is not reversible error. *See Molina*, 674 F.3d at 1117.

The Court concludes on this record that the ALJ did not err when he rejected the testimony of OT Hodapp because the ALJ provided legally sufficient reasons supported by the record for doing so.

## II. Plaintiff's Testimony

Plaintiff contends the ALJ erred by failing to give clear and convincing reasons for rejecting her testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

16 – OPINION AND ORDER

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester*, 81 F.3d at 834). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify the "testimony [that] is not credible" and the "evidence [that] undermines the claimant's complaints." *Id.* (quoting Lester, 81 F.3d at 834).

Plaintiff testified she is unable to work due to degenerative disc disease that affects her ability to stand, sit, and lift. Tr. 50. At the hearing Plaintiff testified she can sit for 20 minutes at a time, stand for 15 minutes, and lift ten pounds "at the most." Tr. 49, 51. She testified she can work for four or five hours per day when allowed a sit/stand option and that her sleep is interrupted by pain and night terrors. Tr. 50, 52.

The ALJ rejected portions of Plaintiff's testimony as not credible. Tr. 21. The ALJ noted Plaintiff's reports of disabling impairments were inconsistent with the medical evidence in the record. Tr. 21. *See also Smolen*, 80 F.3d at

17 – OPINION AND ORDER

1284-85.  For example, the ALJ found Plaintiff's testimony regarding the severity of her limitations conflicted with the objective evidence reported by examining physician Robert Buza, M.D.; Dr. Borman; and Dr. Brumbaugh.  Tr. 21.

Dr. Buza examined Plaintiff on April 7, 2009, following a car accident.  Dr. Buza opined Plaintiff could return to her previous employment as an activities assistant, a light exertional job.  Tr. 24, 54, 361.  He also concluded Plaintiff should pursue conservative treatment overall, be active, continue physical therapy, and have injections if necessary. Tr. 361.  Dr. Buza's 2009 opinion contradicts Plaintiff's testimony that her conditions prevent her from performing full-time work and, therefore, provide a clear and convincing reason for the ALJ to reject her testimony.  *See Smolen*, 80 F.3d at 1284-85.

Examining physician Dr. Borman performed a physical-capacities evaluation of Plaintiff in May 2009, concluded Plaintiff could return to her light exertional work, and noted Plaintiff could not lift more than 50 pounds.  Tr. 640. Dr. Borman also recommended conservative treatment and reported the objective findings did not support Plaintiff's subjective complaints.  Tr. 638-39.  Dr. Borman's opinion also contradicts

18 – OPINION AND ORDER

Plaintiff's testimony that she was unable to perform work due to her symptoms and limitations, which provides further support for the ALJ's credibility finding.  *Smolen*, 80 F.3d at 1284-85.

Finally, Dr. Brumbaugh performed a physical evaluation on Plaintiff on November 29, 2010, and found she had normal strength and normal range of motion of the cervical spine. Tr. 538-40.  He stated Plaintiff "demonstrated the ability to work in the sedentary duty range."  Thus, Dr. Brumbaugh's opinion also contradicts Plaintiff's testimony and provides additional support for the ALJ's credibility determination. *See Smolen*, 80 F.3d at 1284-85.

Nevertheless, Plaintiff contends the ALJ's reasoning is flawed because the ALJ also gave "little weight" to portions of the opinions of Drs. Buza and Borman.  The ALJ gave little weight to these opinions insofar as they conflicted with the more conservative assessment of Plaintiff's capabilities by OT Hodapp.  OT Hodapp stated Plaintiff could perform only sedentary work as opposed to light exertional work.  Tr. 24, 469.  Dr. Brumbaugh, however, also opined Plaintiff could perform work at the sedentary level, and the ALJ fully credited his opinion.  Tr. 20, 538-40.  In any event, the Court finds the

19 - OPINION AND ORDER

medical evidence relied on by the ALJ supports a conclusion that Plaintiff was less limited than she alleged.

In addition, the ALJ noted inconsistencies between Plaintiff's testimony and her daily activities. Tr. 23. *See also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)(daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration); *Smolen*, 80 F.3d at 1284 (same). Specifically, Plaintiff's ability to prepare meals, to care for her dogs, to do housework, to grocery shop, to care for her husband, and to do crafts contradicts her testimony regarding her level of impairment. *See* Tr. 185-92. Although Plaintiff provides an alternative interpretation of her ability to perform these activities, the ALJ's conclusion that Plaintiff's level and variety of daily activities contradict her testimony was reasonable and, therefore, must be upheld. *See Ludwig*, 681 F.3d at 1051.

On this record the Court finds the ALJ did not err when he found Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of her condition because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

20 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this **17** th day of September, 2014.


ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER